IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DESTINY D. GOODSON and DANIEL J.  )
GOODSON III,         )
  Petitioners,        )
             )
    v.         ) 2: 10-cv-1615
             )
WASHINGTON COUNTY C.Y.S. et al.,  )
  Respondents.       )

REPORT and RECOMMENDATION

I. Recommendation:

It is respectfully recommended that the respondents' Motions to Dismiss (Docket Nos.12 and 13) be granted.

II. Report:

Presently before the Court for disposition are the respondents' motions to dismiss.

Daniel J. Goodson, III at the time of filing this habeas petition was an inmate at the State Correctional Institution at Frackville.[1] In this petition, Goodson does not seek to challenge his criminal conviction and sentence but rather seeks to challenge the termination of his parental rights over his daughter, the co-petitioner, by the Orphans Court Division of the Court of Common Pleas of Washington County, Pennsylvania at No. 63-08-228, Juvenile Nos. 274-06 and 266-06. The respondents have now moved to dismiss.

On February 12, 2009, the Court of Common Pleas of Washington County entered a decree granting a petition for the involuntary termination of petitioner's parental rights.[2] According to the petitioner his appeal of this determination to the Superior Court was unsuccessful and on June 9, 2010, the Pennsylvania Supreme Court denied his petition for allowance of appeal. He

---

[1] Since that time, the petitioner has apparently been released from custody as reflected in his change of address filed on March 4, 2011 (Docket No. 17).
[2] See: Appendix A to the petition.

also unsuccessfully sought a writ of certiorari from the United States Supreme Court.[3] He now

comes to this Court contending he is entitled to relief on the following grounds:

1. Dependency court violated petitioner's due process under 5th & 14th U.S.C. Amendments by judicially noticing an allegation of abuse contained in a foreign state courts illegal involuntary termination of parental rights in which was highly disputed, inflammable, inaccurate and very questionable.

2. Jurisdiction of dependency & orphan's court was illegal, violating petitioner's right of due process in violation of U.S.C. Amends.V and XIV.

3. Layered and ineffectiveness assistance of counsel, of jurisdiction, appeal issues, bond evaluation, and other matters violated petitioner's state and federal protections to include due process, equitable justice and fair trial.

4. Orphans court violated petitioner's right of due process under V & XIV U.S.C. amendments when it failed to conduct any bond assessment or evaluation as to father and terminating involuntarily his parental rights in violation of both father & minor child.

In Lehman v. Lycoming County Children's Services, 458 U.S. 502, 511-516 (1982), the

Court held:

> Although a federal habeas corpus statute has existed ever since 1867, federal habeas has never been available to challenge parental rights or child custody... Moreover, federal courts consistently have shown special solicitude for state interests "in the field of family and family-property arrangements." ... Under these circumstances, extending the federal writ to challenges to state child-custody decisions – challenges based on alleged constitutional defects collateral to the actual custody decision – would be an unprecedented expansion of the jurisdiction of the lower federal courts... We therefore hold that § 2254 does not confer federal-court jurisdiction [in child custody/parental rights cases].

Thus, this Court is clearly without jurisdiction to adjudicate the petitioner's claim, and for

this reason, it is recommended that respondents' motions to dismiss the petition of Daniel J.

Goodson, III and Destiny D. Goodson for a writ of habeas corpus be granted.

Litigants who seek to challenge this Report and Recommendation must seek review by

the district judge to whom this case is assigned by filing objections within fourteen (14) days of

---

[3] See: Petition at pp.3, 13.

this date. Failure to do so will waive the right to appeal.

                                                    Respectfully submitted,
                                                    s/ Robert C. Mitchell

Dated: March 24, 2011                      United States Magistrate Judge